IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CEDRIC BRYANT BRAXTON,**

                          **Plaintiff,**

                                                                         CIVIL ACTION
           vs.                                                             No. 05-3460-SAC

**WYANDOTTE COUNTY SHERIFF'S
DEPARTMENT, et al.,**

                          **Defendants.**


<u>ORDER</u>

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Wyandotte County Detention Center in Kansas City, Kansas.

    Plaintiff seeks damages related to his fall on stairs at the facility in October 2005 in which plaintiff sustained a twisted ankle, a bruised and scraped knee, lower back and shoulder pain, and the loss of a toenail. Plaintiff claims his fall was caused by the negligence of the escort officer and by the torn and unsafe shoes plaintiff was required to wear. Plaintiff further claims the medical response provided after his fall was inadequate. He states that no emergency medical code was called, no immediate stabilization of plaintiff was initiated to prevent possible serious injury, and no medication was provided for four days. Plaintiff further states his administrative grievance resulted in a doctor ordering pain medication and ankle support, and authorizing plaintiff's referral for further medical evaluation.

    After reviewing these allegations, the court found no claim for

relief under 42 U.S.C. § 1983 was presented, and directed plaintiff to show cause why the complaint should not be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

In response, plaintiff documents a December 2005 treatment protocol written by a physician at the University of Kansas Medical Center.[1] The document states that there is a possible hair line hip fracture that is most likely two months old, with no signs of displacement. Plaintiff is to be weaned off his walker over a four to six week period with pain medication as warranted, and is to be restricted from jogging, running, jumping, heavy lifting or squatting during that four to six week period. Although plaintiff points to the fact that his injury was not fully diagnosed for over two months, his new documentation also highlights that medical care continued to be provided, and that no obvious medical condition or need for treatment was being ignored.

Accordingly, for the reasons stated herein and in the order dated May 26, 2006, the court finds plaintiff's allegations fail to demonstrate that any defendant was deliberately indifferent to a serious medical need of plaintiff. The court thus concludes the complaint should be dismissed as stating no cognizable

---

[1] Plaintiff also broadly states for the first time that he was denied a thorough examination and prompt treatment of his injury due to his race. However, because plaintiff's administrative remedies do not include any reference to disparate medical treatment based on race, any attempt to amend the complaint to allege such a claim would result in the amended complaint being dismissed based on plaintiff's failure to exhaust administrative remedies on all claims in the amended pleading. See Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

constitutional claim upon which relief can be granted under 42 U.S.C. § 1983.

Plaintiff's motion to amend the complaint to add unnamed "Doe" defendants is dismissed as moot.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Doc. 11) is dismissed as moot.

**IT IS SO ORDERED.**

DATED:  This 25th day of July 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge